# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO. 3:15-CV-00577-GCM

| | |
|---|---|
| JOSEPH B. LAMBERT, ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| MECKLENBURG COUNTY, ) | |
| DENA DIORIO, AND ) | |
| CHRIS PEEK, ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

This matter is before the Court upon Defendants' Motion to Dismiss (Doc. No. 11) and Plaintiff's Motion to Amend Complaint (Doc. No. 15). The *pro se* Plaintiff has filed a response in opposition to Defendants' Motion to Dismiss (Doc. No. 14) and Defendants have filed a Reply (Doc. No. 16). Defendants have filed a response in opposition to Plaintiff's Motion to Amend Complaint (Doc. No. 17) and Plaintiff has also filed a Reply (Doc. No. 20).

**Factual Background**

Plaintiff is a former employee of Mecklenburg County who has a lengthy history of filing discrimination charges against his employer. One of Plaintiff's most recent EEOC charges against the County was filed on February 20, 2014, in which Plaintiff complained that he failed to receive a position to which he applied due to sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). (Doc. No. 1, Exhibit 5). Plaintiff filed yet another EEOC charge on May 6, 2014, alleging failure to receive the positions he applied for on the basis of retaliation. (*Id.*) Plaintiff and the County then engaged in mediation. (Doc. No. 1, Exhibit 8). The mediation was successful and Plaintiff and the County entered into a Settlement Agreement and

1

Release ("Release"), in which Plaintiff agreed to a general release of all claims against the County. (Doc. No. 1, Exhibit 6). Plaintiff also agreed in the Release that he would not be eligible for future employment with the County, that he would not apply for future employment, and that he would withdraw any pending employment applications. (*Id.*)

Despite the Release, Plaintiff filed a lawsuit in state court against the County on December 2, 2014, alleging the Release was unconscionable and that he had been discriminated against in various ways. (Mecklenburg County Superior Court Case No. 14-CVS-22210). On February 9, 2015, days before a hearing on the County's motion to dismiss the suit, Plaintiff filed a voluntary dismissal without prejudice. (Doc. No. 1). Plaintiff then filed another EEOC charge on January 20, 2015, alleging age discrimination, sex discrimination, and retaliation in violation of Title VII and the Age Discrimination in Employment Act of 1967 ("ADEA") based upon his failure to obtain a position. (Doc. No. 1, Exhibit 11). The EEOC issued a no-cause determination on September 17, 2015, stating that it was unable to establish any statutory violations based on the allegations. (Doc. No. 1, Exhibit 2). On November 30, 2015, Plaintiff filed this lawsuit alleging discrimination and contending that the Release was unenforceable. (Doc. No. 1). In addition to his Title VII and ADEA claims, Plaintiff alleges claims for breach of contract, negligence, and public policy breaches. (*Id.*)

Defendants filed a Motion to Dismiss on February 22, 2016 on the basis of lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. (Doc. No. 11). Plaintiff then filed a Motion to Amend Complaint on March 30, 2016, seeking to cure deficiencies in his Complaint by adding allegations regarding the County's waiver of its Sovereign Immunity with the purchase of liability insurance. (Doc. No. 15).

**Discussion**

**I. Motion to Dismiss**

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal where the court lacks jurisdiction over the subject matter of the lawsuit. Fed. R. Civ. P. 12(b)(1). A motion to dismiss pursuant to Rule 12(b)(1) should be granted "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (quoting *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)).

Rule 12(b)(6) provides for dismissal on the basis of failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under Rule 12(b)(6), a complaint "does not need detailed factual allegations," but the allegations must be plausible, such that they "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Thus, a "complaint may proceed even if it strikes a savvy judge that actual proof of [the facts alleged] is improbable, and that a recovery is very remote and unlikely." *Id.* at 556 (internal quotation marks and citation omitted). However, the court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc. v. J.D. Assocs. LLP*, 213 F.3d 175, 180 (4th Cir. 2000). Further, "[a]lthough district courts must liberally construe *pro se* complaints, courts cannot act as the *pro se* plaintiff's advocate and cannot develop claims which the plaintiff failed to clearly raise on the face of the Complaint." *Adler v. Anchor Funding Serv., LLC*, No. 3:10cv515, 2011 WL 1843226 at *2 (W.D.N.C. May 16, 2011) (citing *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978)). Thus, despite not having to "plead[] facts sufficient to prove her case, as an evidentiary matter," a *pro se* plaintiff still must "allege facts [in the

complaint] that support a claim for relief." *See Bass v. E.I. Euport de Nemours & Co.*, 324 F.3d 761, 767 (4th Cir. 2003).

**A. Subject Matter Jurisdiction**

Defendants move to dismiss pursuant to Rule 12(b)(1) because Plaintiff seeks to sue individuals not named in any EEOC charge and seeks to pursue claims outside the scope of Plaintiff's EEOC charge. Under Title VII and the ADEA, a civil action can only be brought "against the respondent named in the charge." *Causey v. Balog*, 162 F.3d 795, 800 (4th Cir. 1998) (quoting 42 U.S.C. § 2000e-5(f)(1)); *see also Schilling v. Rutherford Pediatrics, P.A.*, 346 F. Supp 2d. 828, 839 (W.D.N.C. 2004) ("Title VII precludes a plaintiff from stating a claim against any defendant not named as a respondent in an EEOC charge."). Further, there is not individual liability under Title VII or the ADEA. *See Baird ex rel. Baird v. Rose*, 192 F.3d 462, 471 (4th Cir. 1999) (holding there is no individual liability under Title VII); *Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 510-11 (4th Cir. 1994) (holding there is no individual liability under the ADEA).

Plaintiff's Complaint lists two individual employees of Mecklenburg County as defendants. (Doc. No. 1). However, Plaintiff's most recent EEOC charge lists Mecklenburg County as the only respondent. (Doc. No. 1, Exhibit 1). Because the two individual Defendants in Plaintiff's Complaint are not named as respondents in the EEOC charge, Plaintiff is unable to bring a claim against them. Even if Plaintiff had included the individual Defendants in his EEOC charge, the individuals would still be improper defendants because of the lack of individual liability under Title VII and the ADEA. As a result, the claim against the individual Defendants is dismissed as a matter of law.

A right to sue notice from the EEOC is a jurisdictional prerequisite that must be shown before a plaintiff can file a lawsuit under Title VII. *Davis v. N.C. Dept. of Corr.*, 48 F.3d 134, 140

(4th Cir. 1995). The scope of a subsequent lawsuit by a plaintiff is determined by the EEOC charge, and only the claims that are in the initial charge or that are reasonably related to the complaint may be maintained in the lawsuit. *See Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009).

Plaintiff currently has one active EEOC charge, Charge No. 430-2015-00719. (Doc. No. 1, Exhibit 1). The charge alleges discrimination with regard to the Administrative Support Assistant III position for which Plaintiff applied in May of 2014 but did not receive. (*Id.*) Because the EEOC charge is limited in scope to allegations involving this position, Plaintiff cannot make allegations of discrimination regarding any other matters. Therefore, Plaintiff's Title VII and ADEA claims are also subject to dismissal to the extent that they exceed the scope of Plaintiff's EEOC charge.

### B. Failure to State a Claim

Defendants contend that the Release signed by Plaintiff on August 19, 2014 provides a complete defense to all of Plaintiff's claims. When a release is executed in exchange for valuable consideration, the release provides a complete defense to an action for damages. *Talton v. Mac Tools, Inc.*, 453 S.E.2d 563, 565 (N.C. Ct. App. 1995). Additionally, North Carolina courts have consistently upheld and enforced valid release agreements. *McNair v. Goodwin*, 136 S.E.2d 218, 223 (N.C. 1964); *Fin. Serv. of Raleigh, Inc. v. Barefoot*, 594 S.E.2d 37, 41 (N.C. Ct. App. 2004); *Tellado v. Ti-Caro Corp.*, 459 S.E.2d 27, 31 (N.C. Ct. App. 1995).

Plaintiff signed the Release herein as part of his settlement agreement and released the County from all claims, causes of action, and damages arising under Title VII or any state or federal law. (Doc. No. 1, Exhibit 6). The Release was signed following a mediation in which Plaintiff negotiated with the County with representation of counsel. (Doc. No. 1, Exhibit 6). Further, Plaintiff accepted monetary consideration from the County as consideration for the Release. (Doc. No. 1, Exhibit 9). As such, the Release is valid and binding. While Plaintiff may

5

have regrets regarding the terms of the Release, this does not entitle Plaintiff to repudiate the Release. Having second thoughts about the results of a settlement agreement does not justify setting aside an otherwise valid agreement. *Young v. FDIC*, 103 F.3d 1180, 1195 (4th Cir. 1997), *cert. denied*, 918 S. Ct. 329. Although Plaintiff alleges that the Release was "oppressive" and "malicious" (Doc. No. 1), such allegations are simply not plausible. Based on the above, the Release provides a complete defense for Defendants against all of the claims brought by Plaintiff in his Complaint.

**II. Motion to Amend Complaint**

Under Rule 15 of the Federal Rules of Civil Procedure, a party may amend a pleading once as a matter of course within twenty-one days of service. Fed. R. Civ. P. 15(a)(1)(A). After twenty-one days have expired, a party may only amend a pleading with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). Rule 15 states that the court should "freely give leave when justice so requires." *Id*. However, leave to amend a complaint may be denied when the complaint would not survive a motion to dismiss even with the proposed amendments, such that permitting the plaintiff to amend his complaint would be futile. *See Burns v. AAF-McQuay, Inc.*, 166 F.3d 292, 295 (4th Cir. 1997).

In this case, Plaintiff is not entitled to amend his Complaint as a matter of course because twenty-one days have passed since the service of the Complaint. (Doc. No. 15). Additionally, the Defendants do not consent to the proposed amendments (Doc. No. 17), so Plaintiff must obtain leave in order to amend. Although leave to amend is generally freely given, Plaintiff's proposed Amended Complaint is futile due to the Release entered into by Plaintiff which bars further claims against the County as well as the lack of subject matter jurisdiction over Plaintiff's claims. Since

nothing in Plaintiff's Proposed Amended Complaint would remedy these flaws and prevent the Complaint from being dismissed, Plaintiff's amendment would be futile.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss is hereby GRANTED; and Plaintiff's Motion to Amend Complaint is hereby DENIED.

Signed: June 2, 2016

Graham C. Mullen
United States District Judge